**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**RASHAWN ARCHA,**

**Plaintiff,**

**v.**                                                                         **9:24-CV-677**
                                                                                **(FJS/ML)**

**THE STATE OF NEW YORK; NYS DEPARTMENT**
**OF CORRECTIONAL SERVICES THE WARDEN OF**
**AUBURN CORRECTIONAL FACILITY; CORRECTION**
**OFFICER GIBOO; CORRECTION OFFICER**
**ROBERTS; CORRECTION OFFICER WEBBER; and**
**CORRECTION OFFICERS JOHN DOE I-V,**

**Defendants.**

_____

**APPEARANCES**                                    **OF COUNSEL**

**GREENBERG & STEIN, PC**                  **JOHN KOUROUPAS, ESQ.**
360 Lexington Avenue, Suite 1501
New York, New York 11361
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**                **ELIZABETH V. LOMBARDI, ESQ.**
**STATE ATTORNEY GENERAL**
300 South State Street, Suite 300
Syracuse, New York 13202
Attorneys for Defendants

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 against Defendants seeking

monetary damages.  *See* Dkt. No. 1.[1]  Currently pending before the Court is a motion to dismiss

_____

[1] In the caption of the complaint, Plaintiff identified "NYS Department of Correctional Services
The Warden of Auburn Correctional Facility" as a defendant.  The New York State Department

on behalf of Defendants the State of New York, NYS Department of Correctional Services, the

Warden of Auburn C.F., and Giboo pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the

Federal Rules of Civil Procedure.[2]  *See* Dkt. Nos. 9, 17.  Plaintiff opposes Defendants' motion.

*See* Dkt. No. 16.


## II. BACKGROUND[3]

At all times relevant to the complaint, Plaintiff was incarcerated at Auburn Correctional

Facility ("Auburn C.F.").  *See* Complaint at ¶ 30.  On June 1, 2022, at approximately 2:30 p.m., a

search team entered Plaintiff's cell and demanded that Plaintiff "remove his bedsheet from his

bed [and remove] his necklace and his glasses."  *See id.* at ¶¶ 35-36.  Plaintiff complied with the

directives.  *See id.* at ¶ 36.  "[A]n officer" punched Plaintiff in the face and "multiple" officers

"assaulted" him.  *See id.*  An officer put his hand in Plaintiff's "rear" and another officer

"grab[bed]" Plaintiff by the hair and "bang[ed]" his head against the metal bed frame.  *See id.* at

¶ 36.  "A correction officer" placed his knee on Plaintiff's back while attempting to handcuff him.

*See id.*  Plaintiff identified the "assaulting officers" as Giboo, Roberts and Webber.  *See id.*

---

of Corrections and Community Supervision ("DOCCS") and the Warden of Auburn Correctional Facility are two separate entities.  Thus, the Court will construe the complaint as asserting claims against both DOCCS and the Warden of Auburn Correctional Facility.

[2] No affidavit of service has been filed as to Defendants Webber or Roberts, and, consequently, no appearance has been entered on their behalf.  Plaintiff has not yet identified the Doe Defendants.

[3] The facts are drawn from Plaintiff's complaint.  For purposes of this motion, the Court assumes that all the facts in the complaint are true and draws all reasonable inferences in Plaintiff's favor.  *See EEOC v. port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

"Correction Officers" filed fabricated reports and failed to provide Plaintiff "with the proper medical treatment." *See* Complaint at ¶ 36. Plaintiff filed a PREA complaint "concerning the sexual acts of the officers." *See id.* Plaintiff was transferred to the Special Housing Unit ("SHU") and endured "harsh conditions." *See id.* Plaintiff requested medical treatment, but "officer[s] lied and said that [Plaintiff] refused to seek further treatment." *See id.*

## III. DISCUSSION

Defendants move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), insufficient service of process under Rule 12(b)(5), and failure to state a claim under Rule 12(b)(6). *See* Dkt. Nos. 9, 17.

### A.    Legal Standards

#### 1. Rule 12(b)(1)

"Dismissal for lack of subject matter jurisdiction is proper 'when the district court lacks the statutory or constitutional power to adjudicate' a case." *Sokolowski v. Metro. Transp. Auth.*, 723 F.3d 187, 190 (2d Cir. 2013) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). A plaintiff who asserts subject matter jurisdiction "'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In resolving a motion to dismiss under Rule 12(b)(1), "'the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff.'" *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet v. Sheahan*, 235

F.3d 80, 83 (2d Cir. 2000)). "Rule 12(b)(1) is the proper vehicle to raise justiciability (standing, mootness, and ripeness), as well as Eleventh Amendment immunity." *New York State Rifle & Pistol Ass'n, Inc. v. James*, No. 1:22-CV-907 (MAD/PJE), 2025 WL 553423, *2 (N.D.N.Y. Feb. 18, 2025) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure § 1350 (4th ed.)).

### 2. Rules 12(b)(2) and 12(b)(5)

"Rule 12(b)(2) 'permits a defendant to challenge a court's personal jurisdiction over it prior to the filing of an answer or the commencement of discovery.'" *Finn v. New York*, 3:22-CV-721, 2022 WL 13802622, *5 (N.D.N.Y. Oct. 21, 2022), *aff'd*, 2023 WL 7013414 (2d Cir. 2023) (quotation omitted). "'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" *Yerdon v. Poitras*, No. 1:21-CV-0565 (LEK/ML), 2022 WL 798271, *1 (N.D.N.Y. Mar. 16, 2022) (quotation omitted).

Rule 12(b)(5) authorizes a defendant to move for pre-answer dismissal of a pleading for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). "When a defendant makes a Rule 12(b)(5) motion, it is the plaintiff's burden of proof to establish its service of process was adequate." *Hertzner v. U.S. Postal Serv.*, No. 05-cv-2371 (DRH) (ARL), 2007 WL 869585, *3 (E.D.N.Y. Mar. 20, 2007) (citation omitted). "[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

As is relevant in this case, "where 'a court relies on pleadings and affidavits, rather than having a "full-blown evidentiary hearing," the plaintiff need only make a *prima facie* showing

that the court possesses personal jurisdiction over the defendant.'" *Traver v. Officine Meccaniche Toshci SpA*, 233 F. Supp. 2d 404, 408 (N.D.N.Y. 2002) (quoting [*United Computer Capital Corp. v. Secure Prods., L.P.*, 218 F. Supp. 2d 273, 277 (N.D.N.Y. 2002)] (citation omitted)).  In considering a motion to dismiss for lack of personal jurisdiction over a defendant, the court must construe the pleadings and affidavits in the light most favorable to the plaintiff and must resolve all factual issues in the plaintiff's favor.  *See Minholz v. Lockheed Martin Corp.*, 227 F. Supp. 3d 249, 255 (N.D.N.Y. 2016) (citation omitted).  "'In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, [the Court] presume[s] that [Defendants were] properly served with the complaint.'" *Almukthar v. S&A Trading USA, Inc.*, No. 1:21-CV-0190 (GTS/CFH), 2021 WL 5883416, *5 (N.D.N.Y. Dec. 13, 2021) (quoting *Old Repub. Ins. Co. [v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54,] 57 [(2d Cir. 2002)]) (other citation omitted).

### 3. Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for a plaintiff's "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).  When considering such a motion, a court must "construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor." *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted)).  However, this "'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting [*Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009)]).

Accordingly, to survive a motion to dismiss, a complaint must state a claim for relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,] 570, 127 S. Ct. 1955 [(2007)]) (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); *see also Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[o]n a motion to dismiss, courts require 'enough facts to state a claim to relief that is plausible . . . .'" (quotation and citation omitted)).  Determining whether plausibility exists is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

"Under Rule 12(d), a court must convert a motion to dismiss under Rule 12(b)(6) to one for summary judgment under Rule 56 where 'matters outside the pleadings are presented to and not excluded by the court' and where all parties are 'given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Briglin v. Hurley*, No. 9:23-cv-1001 (BKS/TWD), 2024 WL 3828234, *9 n.8 (N.D.N.Y. Aug. 15, 2024).  A court may, however, consider matters outside the pleadings without triggering the summary judgment standard where those matters are

> (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are 'integral' to the complaint, or (4) any manner of which the court can take judicial notice for the factual background of the case.

*Myers v. Camden Cent. Sch. Dist.*, No. 5:10-CV-1167, 2012 WL 2921574, *4 (N.D.N.Y. July 17, 2012) (footnote omitted).

In opposition to Defendants' motion, Plaintiff submitted documents, none of which were attached as an exhibit to, or incorporated by reference in, or an integral part of the complaint. Since Plaintiff's submissions are beyond the pleadings, the Court declines to treat this motion as a motion for summary judgment and finds that they must be excluded. *See* Fed. R. Civ. P. 12(d).

**B.    Plaintiff's claims against the State of New York and DOCCS**

Defendants argue that the Court should dismiss Plaintiff's claims against Defendants State of New York and DOCCS pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the Eleventh Amendment bars suits against the states and their agencies. *See* Dkt. No. 9-3 at 9-10. Plaintiff does not oppose this portion of Defendants' motion. *See* Dkt. No. 16 at 7. Therefore, the Court grants Defendants' motion to dismiss the claims against Defendants State of New York and DOCCS.

**C.    Lack of personal jurisdiction and insufficient service of process**

Rule 4(e)(1) of the Federal Rules of Civil Procedure permits a plaintiff to serve an individual defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located[.]" Fed. R. Civ. P. 4(e)(1). Pursuant to Section 308(2) of the New York Civil Practice Law and Rules ("CPLR"), a natural person may be served

> by delivering the summons within the state of a person of suitable
> age and discretion at the actual place of business, dwelling place or
> usual place of abode of the person to be served and by either
> mailing the summons to the person to be served at his or her last

> known residence or by mailing the summons by first class mail to
> the person to be served at his or her actual place of business in an
> envelope bearing the legend "personal and confidential[.]"

N.Y. C.P.L.R. § 308(2).

"'New York courts have construed "actual place of business" to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her within that place of business.'" *Colvin v. State Univ. Coll. at Farmingdale*, No. 13-CV-3595 (SJF) (ARL), 2014 WL 2863224, *14 (E.D.N.Y. June 19, 2014) (quotation and other citations omitted).

Plaintiff's proof of service on Defendant Giboo states that the process server effected service on "Correction Officer Giboo at C/O Auburn Correctional Facility" by delivering the summons and complaint to an "authorized agent, a person of suitable age and discretion" at "the usual place of abode [sic] of Correction Officer Giboo within the state." *See* Dkt. No. 4. The "Comments" section that the process server completed states that "Officer Anthony Smith, Liaison Officer, states that the defendant is not an active officer at Auburn Correctional." *See id.* The summons and complaint were also mailed to Auburn Correctional Facility in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential." *See id.*

Here, "[t]he affidavit[] of service of plaintiff's process server constitute[s] prima facie evidence that copies of the summons and complaint were properly delivered[.]" *Colvin*, 2014 WL 2863224, at *14; *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) (Summary Order) ("A process server's sworn statement of service creates a presumption that service has been effectuated." (citing *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.,* 301 F.3d 54, 57 (2d Cir. 2002))). Defendants argue that Defendant Giboo was not property served because Auburn C.F. is not his actual place of business and that Officer Smith was not authorized to

- 8 -

accept service on Defendant Giboo's behalf.  *See* Dkt. No. 9-3 at 12.  However, Defendant Giboo

failed to submit a sworn affidavit attesting to the fact that he was not served and had no notice of

the lawsuit.  Instead, Defendants rely solely on an affidavit from Liaison Officer Smith, wherein

he states that he "informed the process server that [. . .] Officer Giboo is not an active officer at

Auburn Correctional Facility" and his claim that "the facility has not received any first-class mail

addressed to Officer Giboo[.]"  *See* Dkt. No. 9-2 at ¶¶ 5, 7.  Officer Smith's assertions "fail to

carry" Defendants' burden of proving that proper service did not occur.  *See 77 Charters, Inc. v.*

*SYC Realty LLC*, No. CV 2010 01681 (SLT) (MDG), 2012 WL 1077706, *4 (E.D.N.Y. Feb. 27,

2012), *report and recommendation adopted*, 2012 WL 1078466 (E.D.N.Y. Mar. 30, 2012).

Officer Smith's affidavit "merely raise[s] an issue of fact that cannot be resolved on a motion

pursuant to Rules 12(b)(2) or (5) of the Federal Rules of Civil Procedure absent an evidentiary

hearing, which has not been requested" and is not warranted because Defendant Giboo failed to

provide an affidavit denying service.  *See Colvin*, 2014 WL 2863224, at *14; *see also Tile, Inc. v.*

*CellinTell Distr., Inc.*, No. 1:20-CV-0428 (FJS/DJS), 2021 WL 2682253, *4 (N.D.N.Y. June 30,

2021) (reasoning that an evidentiary hearing was not necessary because defendant did not

provide a "sworn denial of receipt of service").  On the record before the Court, service of the

summons and complaint on Defendant Giboo was proper.  *See Logan v. World Luxury Cars, Inc.*,

No. 1:15-CV-00248 (ENV) (PK), 2022 WL 2466834, *6 (E.D.N.Y. Mar. 30, 2022), *report and*

*recommendation adopted*, 2023 WL 156878 (E.D.N.Y. Jan. 11, 2023).

     Accordingly, the Court denies this portion of Defendants' motion to dismiss.  *See*

*Gonzaga Cortez v. Hang Lin*, No. 19 Civ. 0905 (LGS), 2019 WL 4256363, *4 (S.D.N.Y. Sept. 9,

2019) (denying motion to dismiss for lack of service where the defendant failed to submit an

affidavit regarding his lack of notice.

**D.    Claims against Defendant Warden at Auburn C.F.**

Defendants move to dismiss the claims against Defendant Warden at Auburn C.F. pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for lack of personal involvement. *See* Dkt. No. 9-3 at 13-16. Plaintiff does not oppose dismissal of the complaint against this Defendant. *See* Dkt. No. 16 at 3 n.1.

Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's claims against Defendant Warden at Auburn C.F.

**E.    Fourth and Fourteenth Amendment Claims**

Defendants move to dismiss Plaintiff's Fourth and Fourteenth Amendment claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff was a convicted prisoner at the time of the alleged incidents; and, thus, his claims fall under the Eighth Amendment. *See* Dkt. No. 9-3 at 16-18. Plaintiff does not oppose dismissal of his Fourth and Fourteenth Amendment claims. *See* Dkt. No. 16 at 3 n.1.

Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's Fourth and Fourteenth Amendment claims.

**F.    Eighth Amendment Excessive Force and Failure to Intervene Claims**

Defendants argue that Plaintiff's Eighth Amendment claims against Defendant Giboo should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the complaint "contains impermissible group pleadings" and fails to provide Defendant Giboo with "fair notice" of the claims against him. *See* Dkt. No. 9-3 at 18-24.

"The Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated 'contemporary standards of decency.'" *Witherspoon v. Corey,* 9:24-CV-0296 (MAD/DJS), 2025 WL 1836435, *5 (N.D.N.Y. July 3, 2025) (quoting *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992))).  The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)).

"The Eighth Amendment [also] requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer*, 511 U.S. at [832], 114 S. Ct. at 1976).  Law enforcement officials, including prison officials, can be held liable under § 1983 for failing to intervene in a situation where another official is violating an inmate's constitutional rights, including the use of excessive force, in their presence. *Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) (citation omitted); *see also Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (prison official's Eighth Amendment duty to take reasonable measures to guarantee the safety of inmates in their custody includes a duty to protect inmates from harm threatened by other officers (citations omitted)).

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991) (other

citations omitted).  As the Supreme Court has noted, a defendant may only be held accountable for his actions under Section 1983.  *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic.").

In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  This is true even for supervisory officials. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("[T]here's no special rule of liability for supervisors.").  "[A] plaintiff must plead and prove 'that each Government-official defendant, [including supervisors,] through the official's own individual actions, has violated the Constitution.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 676, 129 S. Ct. 1937).

Additionally, Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include sufficient allegations to provide "each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (Summary Order) (quotation and other citation omitted); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).  "'[A] plaintiff cannot rely on a group pleading against all defendants without making specific individual factual allegations.'"  *5465 Route 212, LLC v. New York State Dep't of Transp.*, No. 1:19-cv-01510 (BKS/DJS), 2020 WL 6888052, *9 (N.D.N.Y. Nov. 24, 2020) (quotation omitted); *see also Lawson v. Ruskin*, No. 08-CV-321 (JS) (WDW), 2008 WL 1902218, at *2 (E.D.N.Y. Apr. 25, 2008) (explaining that "lumping all Defendants . . . together without specifying what actions were taken, and by whom, to violate his rights" was insufficient to meet pleading requirements).  However, "'[n]othing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant.'"  *Doe v. NYS Off. of Child. & Fam. Servs.*, No 1:20-cv-01195

(BKS/CFH), 2021 WL 2826457, *11 n.11 (N.D.N.Y. July 7, 2021) (quotation omitted).

"'[G]roup pleading is not per se improper'; it is only impermissible when it deprives a defendant of adequate notice." *Foskey v. Northrup*, No. 9:20-CV-0504 (LEK/TWD), 2021 WL 1146217, *3 (N.D.N.Y. Mar. 25, 2021) (quotation omitted).

In this case, the complaint contains the date, time, and location of the alleged use of force incident. *See* Complaint at 6-7. Plaintiff alleges that the "assaulting officers are believed to be Correction Officers Giboo, Roberts and Webber." *See id.* at 7. The allegations that Defendants "were present during, or participated in, the alleged use of force are sufficient at the pleading stage to allow a plausible inference that they [all] participated in the alleged use of force and failed to intervene." *See Mehalick v. Stowell*, No. 9:24-cv-00775 (BKS/TWD), 2024 WL 4930660, *5 (N.D.N.Y. Dec. 2, 2024) (reasoning that the plaintiff's failure to identify which defendant was allegedly involved in the use of force and which defendant allegedly failed to intervene is not fatal to the plaintiff's claims) (citing, *inter alia, Johnson v. Mason*, No. 9:22-cv-590, 2024 WL 396679, at *7, 2024 U.S. Dist. LEXIS 18356 (N.D.N.Y. Feb. 2, 2024) ("Where a plaintiff has properly alleged a constitutional violation, he is entitled to discovery to determine which officers participated directly in the alleged constitutional violations and which officers were present and failed to intervene.")); *see also Doe*, 2021 WL 2826457, at *11 n.11 (reasoning that the proposed pleading alerted the defendants that excessive force claims were asserted against them and outlined the conduct in which they are alleged to have engaged). Upon review, the Court finds that the complaint sufficiently alerts Defendant Giboo and the other officers that Plaintiff is asserting "identical claims" against each Defendant. "'[I]n situation[s] involving alleged assault by a group of police officers or corrections officers, courts do not insist that the complaint set forth in detail the actions of each officer where it would be unreasonable to expect

- 13 -

the plaintiff to be able to do so.'"  *O'Brien v. City of Syracuse*, No. 5:22-cv-948 (MAD/TWD),

2023 WL 6066036, *7 (N.D.N.Y. Sept. 18, 2023) (quoting *Bryant v. Monroe Cnty.*, No. 19-cv-

6474, 2022 WL 119184, *10 (W.D.N.Y. Jan. 12, 2022)).  Although Plaintiff will be required to

prove what role each Defendant took to prevail on the merits of an Eighth Amendment claim, at

this early stage of the litigation, Plaintiff has plausibly alleged Eighth Amendment claims against

Defendant Gibbo.

Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's Eighth

Amendment claims against Defendant Giboo.

### G.    Conspiracy Claims and "Hate Crimes"

Defendants move to dismiss Plaintiff's conspiracy claims and "any perceived claim that

defendants committed a hate crime."  *See* Dkt. No. 9-3 at 24-27.  Plaintiff does not oppose

dismissal of these claims.  *See* Dkt. No. 16 at 3 n.1.

According, the Court grants Defendants' motion to dismiss these claims.

### H.    Deliberate Medical Indifference, Retaliation, and Due Process Claims

In his opposition to Defendants' motion, Plaintiff, for the first time, asserts a cause of

action for deliberate medical indifference, retaliation, and due process.  *See* Dkt. No. 16 at 12-15.

In their Reply Memorandum of Law, Defendants argue that these claims are subject to dismissal

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 17 at 9-14.

The complaint contains two causes of action: excessive force and failure to intervene.

*See* Complaint at 8-9.  "The Court will not consider [a] cause of action raised for the first time in

opposition to the motion to dismiss."  *Cooper v. Slice Tech., Inc.*, No. 17-CV-7102 (JPO), 2018

WL 2727888, *5 n.3 (S.D.N.Y. June 6, 2018); *see also EklecCo NewCo LLC v. Town of*

*Clarkson*, No. 16-CV-6492 (NSR), 2018 WL 3023159, *7 n.4 (S.D.N.Y. June 18, 2018) (refusing

to consider claims "articulated for the first time in [the] plaintiff's opposition").  Plaintiff cannot

"amend [his] complaint [by] asserting new facts or theories for the first time in opposition to

Defendants' motion to dismiss."  *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d

197, 209 n.8 (S.D.N.Y. 2013) (citations omitted).

Even assuming the complaint contained causes of action for deliberate medical

indifference, retaliation, and violations of Plaintiff's due process rights, these claims are subject

to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 1. Deliberate indifference

The Eighth Amendment mandates that prison officials provide adequate medical care to

inmates.  *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).  "An Eighth Amendment claim

arising out of inadequate medical care requires a demonstration of 'deliberate indifference to [a

prisoner's] serious medical needs.'"  *Id.* (quotation omitted).  A deliberate medical indifference

claim has objective and subjective components.  *See id.*  "Objectively, the alleged deprivation

must be 'sufficiently serious,' in the sense that 'a condition of urgency, one that may produce

death, degeneration, or extreme pain exists.'"  *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir.

1996) (quotation omitted).  As to the subjective element, an official acts with deliberate

indifference when he "'know[s] of and disregard[s] an excessive risk to inmate health or

safety[.]'"  *Hill*, 657 F.3d at 122 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970,

128 L. Ed. 2d 811 (1994)).

In the complaint, Plaintiff alleges that "officers and medical staff" failed to provide "proper medical treatment."  *See* Complaint at 7.  Plaintiff also claims that he "requested medical attention and officer [sic] lied and said the [plaintiff] refused to seek further treatment."  *Id.*  Even liberally construed, the complaint fails to plead facts to satisfy the objective and subjective components of a deliberate medical indifference claim.  To wit, Plaintiff does not describe his physical symptoms or medical conditions in any manner.  Indeed, the complaint lacks any facts related to what injuries, if any, Plaintiff sustained as a result of the use of force incidents.  Moreover, Plaintiff has not pled facts related to what medical treatment he requested, when he requested that treatment, and Defendants' response, if any, to his requests.  The allegations in the complaint do not plausibly allege that Defendants acted deliberately in denying Plaintiff's request for medical attention.

Accordingly, to the extent that the complaint could be read to include deliberate medical indifference claims, the Court dismisses those claims.

### 2. Retaliation

To state a claim of retaliation under the First Amendment, an inmate must allege facts plausibly suggesting "the following: '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.'"  *Gill v. Pidlypchack*, 389 F.3d 379, 380 (2d Cir. 2004) (quoting *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds, Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)).  The Second Circuit has stated that courts must approach retaliation claims "with skepticism and particular care" since "virtually any adverse action taken against a prisoner by a

prison official -- even those otherwise not rising to the level of a constitutional violation -- can be characterized as a constitutionally proscribed retaliatory act." *Dawes*, 239 F.3d at 491 (citations omitted).

The Second Circuit has "defined 'adverse action' *objectively*, as retaliatory conduct 'that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights.'" *Gill*, 389 F.3d at 381 (quotation omitted). The "objective test applies even where a particular plaintiff was not himself subjectively deterred" from exercising his rights. *Id.* "A plaintiff can establish a causal connection that suggests retaliation by showing that protected activity was close in time to the adverse action." *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009) (citations omitted). Although there is no "bright line . . . defin[ing] the outer limits" of the "temporal relationship," courts in the Second Circuit have held that an adverse action taken as much as eight months after the protected activity indicated a causal connection. *Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 45-46 (2d Cir. 1980). *But see Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85-86 (2d Cir. 1990) (finding a lack of evidence that an adverse action, taken three months after the plaintiff's protected activity, was in response to it).

The complaint lacks facts demonstrating that any Defendant took adverse action in response to protected speech or conduct. In fact, the complaint does not contain the word "retaliation." *See generally* Complaint. Even assuming Plaintiff engaged in protected speech when he filed a PREA complaint, *see Daum v. Racette*, No. 9:15-CV-1083 (DNH/DJS), 2018 WL 7291421,*15 (N.D.N.Y. Nov. 5, 2018), *report and recommendation adopted*, 2019 WL 610385 (N.D.N.Y. Feb. 13, 2019), the complaint lacks any facts regarding whom the PREA was filed against, when it was filed, how it was filed, or how the named Defendants became aware of the PREA complaint.

As Plaintiff has not sufficiently alleged any causal connection between any protected activity and retaliatory conduct, Plaintiff has not stated a plausible claim of retaliation. *See Faulk v. Fisher*, 545 F. App'x 56, 59 (2d Cir. 2013) (Summary Order) (reasoning that the plaintiff failed to produce evidence suggesting that the defendants were "motivated by, or even aware of," his protected conduct).

Accordingly, to the extent that the complaint could be read to include retaliation claims, the Court dismisses those claims for failure to state a claim.

### 3. Due process

To successfully state a claim under Section 1983 for denial of due process arising out of a disciplinary hearing, a plaintiff must establish that he both (1) "'possessed a liberty interest'" and (2) was "'deprived . . . of that interest as a result of insufficient process.'" *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004) (quoting *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001) (citation and internal quotation marks omitted)).

"Prison discipline implicates a liberty interest when it 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)). In making this determination, courts must consider, "among other things, the duration and conditions of confinement." *J.S. v. T'Kach*, 714 F.3d 99, 106 (2d Cir. 2013) (citation omitted). The conditions of confinement are to be compared "'to the hardships endured by prisoners in general population, as well as prisoners in administrative and protective confinement, assuming such confinements are imposed in the ordinary course of prison administration.'" *Davis v. Barrett*, 576 F.3d 129, 134 (2d Cir. 2009) (quoting *Welch v. Bartlett*, 196 F.3d 389, 392-93 (2d Cir. 1999)).

An inmate is entitled to the due process procedures outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974). "These procedures include a disciplinary hearing and written notice of the charges at least twenty-four hours in advance of that hearing; the opportunity to present witnesses and documentary evidence before an impartial hearing officer as long as doing so will not jeopardize prison safety and security; and a written statement including evidence relied on by the hearing officer in reaching his or her decisions and the reasons for the disciplinary action." *Allen v.* Shelley, No. 9:24-CV-0866 (GTS/DJS), 2024 WL 4274821, *2 (N.D.N.Y. Sept. 24, 2024) (citing *Wolff*, 418 U.S. at 564-66) (other citation omitted).

In this matter, Plaintiff alleges he was "wrongfully placed in SHU corrective custody" and endured "harsh" conditions. *See* Complaint at 7. The complaint does not suggest that he was deprived of a liberty interest. The complaint lacks facts related to when Plaintiff was confined to the SHU, how long Plaintiff was confined in the SHU, and specific facts related to the conditions he endured. Furthermore, even assuming that Plaintiff was derived of a liberty interest, the complaint lacks facts related to any disciplinary hearing, including the name of the presiding officer, the date of the hearing, the evidence presented, or the outcome, to suggest that Plaintiff was denied due process.

Finally, the complaint lacks facts that plausibly suggest that Defendants were personally involved in any due process violation. Plaintiff does not claim that he complained about the conditions to any named Defendant and what response, if any, he received. Plaintiff also does not allege that any named Defendant presided over a disciplinary hearing or issued a decision confining him to SHU.

Accordingly, to the extent that the complaint could be read to include due process claims, the Court dismisses those claims for failure to state a claim.

## IV. CONCLUSION

After reviewing the entire file in this case, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss, *see* Dkt. No. 9, is **GRANTED IN PART AND DENIED IN PART** as set forth herein; and the Court further

**ORDERS** that all claims against Defendants State of New York and DOCCS are **DISMISSED WITH PREJUDICE**; and the Court further

**ORDERS** that the following claims are **DISMISSED WITHOUT PREJUDICE** with leave to amend: (1) claims against the Warden of Auburn C.F., (2) Fourth Amendment claims; (3) Fourteenth Amendment claims; (4) conspiracy claims; (5) claims related to "hate crimes"; (6) Eighth Amendment deliberate medical indifference claims; (7) retaliation claims; and (8) due process claims. If Plaintiff intends to file an amended complaint to include any/all of the claims that the Court has dismissed without prejudice, he must do so no later than **September 29, 2025**. Any claims that the Court has dismissed without prejudice that Plaintiff does not include in any amended complaint he does file will be dismissed **with prejudice** without further Order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall terminate the following Defendants from the Docket for this case: (1) State of New York; (2) DOCCS; and (3) the Warden, Auburn Correctional Facility; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Lovric for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: August 14, 2025
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge